[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12229

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DONOVIN SHANE PAIGE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:20-cr-00170-LSC-GMB-1

_____

Before Wilson, Jordan, and Lagoa, Circuit Judges.

PER CURIAM:

Defendant-Appellant Donovin Paige was convicted of one count of theft or receipt of stolen mail matter under 18 U.S.C. § 1708 and now appeals his sentence as procedurally and substantively unreasonable. Paige's Presentence Investigation Report (PSI) calculated an advisory Guidelines range of six to twelve months. The district court sentenced Paige to 48 months, a 400 percent upward variance. Upon review, we find that the district court relied on erroneous factual findings in calculating Paige's sentence and thus find the imposed sentence procedurally unreasonable. We vacate and remand for resentencing.

I.

On January 18, 2019, Paige was arrested at a Check Depot while attempting to cash a check he allegedly stole from the mail. During his arrest, he admitted to stealing checks from the mail, including a check in the amount of $2,762.79, which he had successfully cashed on November 26, 2018. He was later indicted by a federal grand jury for one count of mail theft in violation of 18 U.S.C. § 1708. On April 22, 2021, Paige pled guilty to the single count, pursuant to a written plea agreement, which the court accepted.

A sentencing hearing was scheduled for October 28, 2021. Paige failed to appear. In April 2023, Paige filed a motion requesting a new sentencing hearing, which was granted. In preparation for the hearing, a probation officer prepared a revised PSI. Pursuant to U.S.S.G. § 2B1.1(a)(2), the PSI calculated Paige's base and

total offense level at six.  Additionally, the PSI attributed six criminal history points for the following: two points for a September 2018 arrest and December 2018 conviction for possession of a controlled substance; one point for an October 2018 arrest and January 2019 conviction for use or possession of drug paraphernalia; one point for a January 2019 arrest and June 2019 state conviction for theft of property, which involved a different forged check than the one at issue in his instant appeal; and two points for a June 2020 arrest and February 2021 conviction for unlawful distribution of a controlled substance.  The PSI then added two points, pursuant to U.S.S.G. § 4A1.1(d) because Paige committed the instant mail theft offense while under probation for his September 2018 arrest.  The PSI also noted offenses[1] that had occurred since the date of the instant offense and other pending[2] charges.  Together, this resulted in a total criminal history score of eight, establishing a criminal history category of IV.

With a total offense level of 6 and a criminal history category of IV, the revised PSI calculated a Guidelines range of six to twelve

---

[1]In January 2019, Paige was charged with theft of property, fourth degree, and in June 2020, Paige was charged with unlawful distribution of a controlled substance, for selling 1.2 grams of methamphetamine.

[2] At the time, Paige's pending charges included: discharging a firearm within city limits; multiple counts rape in the first degree; multiple counts of kidnapping in the first degree; trafficking in stolen identities; fraudulent use of credit/debit card; and multiple counts of sodomy in the first degree.

months' imprisonment, while noting that the statutory maximum is five years. *See* 18 U.S.C. § 1708.

At the rescheduled sentencing hearing in June 2023, the district court adopted the PSI's factual findings. Prior to announcing the sentence, the district court stated:

> I don't believe a guideline sentence is appropriate in this case. . . . [Paige] skipped out, rather than being here for his sentencing, stayed gone. . . .
>
> In the meantime, he was charged with and convicted of at least two crimes during that period of time while he was out on the lam, including unlawful distribution of controlled substances reflected in Paragraph 31, and theft of property in the fourth degree in Paragraph 30.
>
> You know, this is not the conduct of somebody that should get a guideline sentence. Frankly, I believe when I consider the nature and circumstances of this particular offense, as well as his history and characteristics and what he did by not showing up and by committing these other offenses, the guideline calculation is insufficient anyway to reflect the sentence he should receive.

Dist. Ct. Doc. 42 at 9. The court then imposed a sentence of 48 months, representing a 400 percent upward variance from the PSI's recommended sentence. Paige objected to the upward variance and timely appealed.

## II.

We review the district court's final sentence for an abuse of discretion, first ensuring the decision is procedurally sound before reviewing for substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). Procedural errors include "treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Curtin*, 78 F.4th 1299, 1311 (11th Cir. 2023) (quotations omitted). With procedural errors, we review the district court's interpretation of the sentencing guidelines de novo. *United States v. Dougherty*, 754 F.3d 1353, 1358 (11th Cir. 2014). We then consider the substantive reasonableness of the sentence by reviewing whether the district court weighed the totality of the circumstances, including the § 3553(a) factors, and will not reverse absent a clear error. *United States v. Johnson*, 803 F.3d 610, 618–19 (11th Cir. 2015). However, we will decline to discuss the substantive reasonableness of a sentence until identified procedural errors have been addressed by the district court. *United States v. Barner*, 572 F.3d 1239, 1253 (11th Cir. 2009).

## III.

In reviewing the procedural reasonableness of Paige's sentence, we find that the district court relied on erroneous facts.

In sentencing Paige, the district court expressed concern that he had failed to appear at his initial hearing scheduled for October 2021. The court then stated that "while [Paige] was out on lam"—as in during the time of his failed appearance—he was charged and

convicted of two other crimes: (1) "unlawful distribution of controlled substances as reflected in Paragraph 31" and (2) "theft of property in the fourth degree in Paragraph 30."[3] The district court described this as conduct deserving an upward variance.

Our review shows that the district court made a mistake of fact in summarizing Paige's previous convictions. *See Curtin*, 78 F.4th at 1311. The two crimes explicitly referenced in sentencing Paige occurred prior to the October 2021 hearing. According to paragraphs 30 and 31 of the PSI, Paige was arrested in January 2019 for theft of property and pled guilty in June 2019, and was arrested in June 2020 for the unlawful distribution of a controlled substance and pled guilty in February 2021. The initial sentencing hearing was scheduled for October 2021. Therefore, Paige was not charged and convicted of these crimes while "out on lam." The district court described Paige's conduct as "not the conduct of somebody that should get a guideline sentence." This mischaracterization of the timeline of events clearly impacted Paige's sentence.

Because the district court relied on erroneous facts, we vacate and remand for resentencing. We decline to reach the issue of substantive reasonableness until the identified procedural errors have been addressed by the district court. *Barner*, 572 F.3d at 1253.

**VACATED & REMANDED.**

---

[3] Use of "paragraph" refers to the paragraphs in Paige's PSI. *See* Dist. Ct. Doc. 31 at 12–13.